IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEOPOLDO RAMIREZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. H-25-1364 |
| | § | |
| UNNAMED OFFICER, | § | |
| | § | |
| *Defendant.* | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Leopoldo Ramirez, a Harris County pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this civil lawsuit under 42 U.S.C. § 1983 against an unnamed officer employed by the Harris County Sheriff's Office ("HCSO"). He seeks to bring criminal charges against the officer and to recover monetary damages.

Having screened the complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A, the Court **DISMISSES** this lawsuit for the reasons shown below.

**I. BACKGROUND AND CLAIMS**

Plaintiff is in custody of the HCSO awaiting trial on felony charges for assaulting a jail employee and a peace officer in 2024. The claims raised in this lawsuit, however, arise from felony aggravated assault charges brought against plaintiff and his arrest on those charges in 2021.

Plaintiff complains that, on October 3, 2021, he was arrested by the unnamed HCSO defendant officer on felony charges for aggravated assault with a deadly weapon. He claims

that the defendant officer used excessive force during the arrest by slamming his head into a car hood and that he was wrongfully arrested and falsely incarcerated.

The aggravated assault charges for which plaintiff was arrested on October 3, 2021, were subsequently dismissed on April 17, 2023, when an unidentified witness failed to appear for trial. As judicial relief, plaintiff requests that criminal charges be brought against the defendant officer and that he recover monetary damages for the time he spent in pretrial detention.

## II. ANALYSIS

Public online Harris County criminal court records show that a criminal complaint was brought against plaintiff on October 3, 2021, for the aggravated assault of complainant Daniel Mungia. *State v. Ramirez*, Case No. 174213601010 in the 174th Judicial District Court of Harris County, Texas. Plaintiff was arrested under the charges that same day by the defendant officer. Plaintiff claims that the defendant officer used excessive force during the arrest by slamming plaintiff's head into a car hood and that he was wrongfully arrested. Plaintiff further states that the charges were later dismissed. As judicial relief, plaintiff asks that criminal charges be brought against the officer and that he be given compensation for the time he spent in jail "falsely incarcerated." (Docket Entry No. 1, p. 4.)

The Court cannot bring criminal charges against the unnamed defendant officer. Requests by private parties for federal courts to file criminal charges against individuals are not cognizable under § 1983. "[D]ecisions whether to prosecute or file criminal charges are

generally within the prosecutor's discretion, and, as a private citizen, [plaintiff] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. State of Texas*, 153 F. App'x 261, 262 (5th Cir. 2005). "[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Plaintiff's request that criminal charges be brought against the unnamed defendant officer is frivolous and fails to state a claim for which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Regardless, plaintiff's claims for use of excess force, wrongful arrest, and false imprisonment are barred by the applicable two-year statute of limitations. As there is no federal statute of limitations for civil rights actions brought pursuant to § 1983, a federal court borrows the forum state's general personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249–50 (1989); *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). In Texas, the applicable limitations period is two years. See TEX. CIV. PRAC. & REM. CODE § 16.003(a); *see also Winfrey v. Rogers*, 901 F.3d 483, 492 (5th Cir. 2018).

Although Texas law defines the statute of limitations, federal law determines when a § 1983 claim accrues. *Moore v. McDonald*, 30 F.3d 616, 620-21 (5th Cir. 1994). The United States Court of Appeals for the Fifth Circuit holds that a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Brockman v. Texas Department of Criminal Justice*, 397 F. App'x 18, 22 (5th Cir. 2010) (per curiam).

Plaintiff's complaint shows that he was aware of the defendant officer's alleged use of excessive force at the time it occurred on October 3, 2021, and that he knew he had been "wrongfully arrested" at that time. Moreover, the limitations period for a claim of false imprisonment "begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). Plaintiff's pleadings show that he was "detained pursuant to legal process" when he was arrested on October 3, 2021.

Thus, plaintiff's claims against the defendant officer accrued on October 3, 2021, and limitations expired two years thereafter on October 3, 2023, well before plaintiff filed this lawsuit in March 2025. Plaintiff's claims against the defendant officer are barred by limitations and must be dismissed.

### III. CONCLUSION

For the above reasons, plaintiff's claims against the unnamed defendant officer are **DISMISSED WITH PREJUDICE** for failure to state a claim for which relief can be granted under § 1983 predicated on expiration of limitations. 28 U.S.C. §§ 1915(e)(2)(B)(ii).

Any and all pending motions are **DISMISSED AS MOOT**.

This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).

Signed at Houston, Texas, on this the 25th day of June, 2025.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE